CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 02 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| SHANDO LOVETTE GILYARD, | ) | CASE NO. 7:13CV00196 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | |
| | ) | |
| LT. BAZEMORE, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

Shanda Lovette Gilyard, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendant prison officials have failed to protect her from harassment by another inmate and have interfered with her right to utilize the prison's grievance procedures, in violation of due process. Upon review of the record, the court finds that the action must be summarily dismissed.

I

Gilyard, an inmate at the Fluvanna Correctional Center for Women ("Fluvanna"), alleges the following sequence of events relevant to her claims. In late 2012 and early 2013, Gilyard was "harassed and threatened by Sheila Saunders, another inmate who was "obsessed with [Lana] Slaughter," Gilyard's roommate. (Compl. 2.) Gilyard asserts that in the past two years, Saunders' obsession has led her to harass and intimidate other inmates where are personally involved with Slaughter, which has "provoked violence." (Id.) On January 14, 2013, Gilyard told Lt. Bazemore that Saunders had been harassing and threatening her and asked that he stop Saunders from doing so. Bazemore allegedly told Gilyard that she should just ignore Saunders' behavior and that he could not do anything about it. On January 22, 2013, Gilyard told Bazemore that "the situation [with Saunders] had escalated" and that if he would do nothing to

help, Gilyard would bring a lawsuit. Gilyard called the sexual harassment hotline on January 30, 2013, to report that Saunders was sexually harassing Slaughter and had harassed or threatened other inmates.

Gilyard was placed in segregation for 15 days, starting on February 1, 2013, for assaulting inmate Tanya Williams. While in segregation, Gilyard wrote two informal complaints about Bazemore's failure to take action concerning Saunders' harassment of other inmates. The informal complaints disappeared. At her "ICA hearing" on February 14, 2013, Gilyard sought to be released from segregation. Bazemore allegedly told her, "You came into my office twice wasted my time and then took matters into your own hands. I'm giving you 15 more days." (Id. 2.)

Gilyard also complains that officials mishandled her informal complaints about Bazemore. Some informal complaints disappeared or pages went missing, and officers refused to address her grievances because she had not attached the informal complaint or because the grievance addressed more than one issue.

In her § 1983 complaint, Gilyard sues Bazemore for violating her Eighth Amendment rights and Ms. Swann, the grievance coordinator, for violating her due process rights. She seeks monetary damages and injunctive relief ordering an investigation of inmates' harassment and intimidation of others.

## II

To state a § 1983 claim, a plaintiff must establish that she has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Adkins, 487 U.S. 42 (1988). A complaint filed by an inmate challenging the conduct of an "officer or employee of

2

a governmental entity" may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted." An inmate's complaint may be summarily dismissed under this section if it fails to allege "enough facts to state a claim to relief that is plausible on its face." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

The court liberally construes Gilyard's complaint as alleging that Bazemore violated her constitutional rights by failing to protect her from harassment by Saunders and by giving her a longer segregation sentence in retaliation for the informal complaints she filed about him. Gilyard's allegations fail to state plausible claims actionable under § 1983.

The Eighth Amendment imposes a duty on prison officials "to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994). Not every injury suffered by one prisoner at the hands of another prisoner establishes liability against a prison official, however. To make a valid Eighth Amendment claim, a prisoner must state facts demonstrating that she faced a substantial risk of serious harm, the officer knew of that risk and disregarded it. Id. at 828; Case v. Ahitow, 301 F.3d 605, 607 (7th Cir. 2002) ("[T]he test is whether the guards know the plaintiff inmate faces a serious danger to [her] safety and [the officers] could avert the danger easily[, but] they fail to do so.").

Gilyard's allegations simply do not state a plausible claim that Bazemore knew Saunders posed a substantial risk of serious harm to Gilyard. The complaint is a collection of generalizations and opinions, without any specific, supporting facts about Saunders' statements or actions. Gilyard asserts that Saunders' actions have "provoked violence," but does not describe any particular incident or injury Saunders caused. Thus, Gilyard's complaint fails to provide sufficient factual matter on which the court could reasonably infer that Bazemore knew

3

Saunders posed a substantial risk of serious harm to Gilyard. Accordingly, the court must summarily dismiss without prejudice Gilyard's claim that Bazemore violated her constitutional rights by failing to protect her.

To succeed on a § 1983 claim that prison officials retaliated against her, an inmate must allege facts showing that her exercise of a constitutional right was a substantial factor motivating the retaliatory action. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); American Civil Liberties Union v. Wicomico County, 999 F.2d 780, 785 (4th Cir. 1993) (citing Mt. Healthy City School District Board of Education v. Doyle, 429 U.S. 274, 287 (1977). She must also present more than conclusory allegations of retaliation. Adams, 40 F.3d at 74. Inmates do not have a constitutional right to a prison grievance procedure. Id. at 75.

Gilyard fails to state facts supporting each element of a § 1983 retaliation claim under this legal standard, as her allegations offer no indication that Bazemore based the disciplinary sentence on her complaints about Saunders or her informal complaints. On the contrary, Bazemore's comment indicates that he sentenced Gilyard for "taking matters into her own hands," referring to her assault on another inmate. Finding no facts to support a finding that Bazemore took adverse action against Gilyard for exercise of a constitutional right, the court must dismiss without prejudice her retaliation claim, pursuant to § 1915A(b)(1).

Finally, Gilyard's complaints about the grievance procedure are not actionable under § 1983. Because she has no constitutional right to such a procedure, Adams, supra, officials' alleged failures to comply with the prison's procedure do not rise to the level of a federal due process claim. See Weller v. Dep't of Social Services, 901 F.2d 387, 392 (4th Cir. 1990). The court must, therefore, summarily dismiss this claim, pursuant to § 1915A(b)(1), for failure to state a claim. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This  2ᵈ  day of August, 2013.

*/s/ Glen Conrad*
Chief United States District Judge